IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUL 1 8 2014
PER
DEPUTY CLERK

| | |
|---|---|
| LAMAR BROWN, : | |
| Plaintiff : | |
| : | CIVIL NO. 3:13-CV-1633 |
| v. : | |
| : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, : | (MAGISTRATE JUDGE CARLSON) |
| Defendant : | |

## MEMORANDUM

On June 18, 2013, Plaintiff, Lamar Brown, an inmate currently confined at the McCreary United States Penitentiary in Pine Knot, Kentucky, filed a complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that on June 25, 2011, while incarcerated at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated and consequently became sick, experiencing stomach cramps, profuse sweating, diarrhea, vomiting, headaches, and other aches and pains. (Id.).

On April 30, 2014, Defendant filed a motion to dismiss and for summary judgment arguing, inter alia, that Plaintiff failed to exhaust administrative remedies. (Docs. 29, 34). Magistrate Judge Martin C. Carlson entered an Order on June 5, 2014, directing Plaintiff to file a brief in opposition to the motion on or before June 19, 2014, and warning that his failure to respond might result in the

motion being deemed unopposed and granted. (Doc. 35). Plaintiff failed to file an opposition brief or otherwise communicate with the Court and, on June 26, 2014, Magistrate Judge Carlson issued a Report recommending that the motion to dismiss be granted and the complaint be dismissed. (Doc. 21). No objections have been filed and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

Initially, Magistrate Judge Carlson outlines the procedural history of the case, specifically discussing the Standing Practice Order issued on June 18, 2013, which informed Plaintiff of his responsibility to respond to defense motions. (Doc. 36, pp. 1-4), citing (Doc. 4). As mentioned above, Plaintiff failed to file a brief in opposition to Defendant's motion to dismiss. Accordingly, the Magistrate Judge determines that the motion should be deemed unopposed and granted. (Doc. 36, pp. 5-7), citing M.D. Pa. Local Rule 7.6 (providing that any party who fails to timely file a brief in opposition to a motion "shall be deemed not to oppose such motion"). Further, Magistrate Judge Carlson provides a thorough analysis of the Poulis factors and finds that dismissal is also warranted under Rule 41 of the Federal Rules of Civil Procedure because Plaintiff has failed to comply with court orders and otherwise neglected to litigate this case. (Docs. 36, pp. 7-12), citing FED. R. CIV. P. 41(b); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Finally, the Magistrate Judge determines that Plaintiff's claims fail as a matter of law because he did not exhaust administrative remedies before filing

3

the complaint. (Doc. 36, pp. 13-22) (discussing, inter alia, the limited waiver of sovereign immunity in FTCA claims and the mandatory exhaustion requirements). Finding that leave to amend would be futile, Magistrate Judge Carlson recommends that the motion to dismiss be granted and that the complaint be dismissed without further leave to amend. (Id. at pp. 22-23), citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a pro se plaintiff should be granted leave to amend before dismissal "unless an amendment would be inequitable or futile").

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. A separate Order will be issued.

Date: July 18, 2014

United States District Judge